```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SOON PARK and JAE LEE,

                              Plaintiffs,

          -against-

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and ERICA
HROMAS,

                              Defendants.
----------------------------------------------------------------X
```

For Online Publication Only

**MEMORANDUM AND ORDER**
20-CV-1982 (JMA) (SIL)

FILED
CLERK
2:56 pm, Jan 27, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiffs Soo Park and Jae Lee ("Plaintiffs") commenced this action against State Farm Mutual Automobile Insurance Company and Erica Hromas ("Defendants") on April 30, 2020 alleging: (1) breach of contract based on lost wages, physical damages coverage, underinsured or uninsured motorist ("UM/UIM") benefits, and medical bills; (2) fraudulent transfer of insurance policy benefits; (3) breach of the implied covenant of good faith and fair dealing and unfair trade practices; and (4) economic coercion, harassment, and emotional distress, all related to an automobile accident that Plaintiff Lee was involved in while driving a vehicle owned by Plaintiff Park. (ECF No. 1.) Defendants filed a motion to dismiss pursuant Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a cause of action. Defendants' 12(b)(6) motion sought to dismiss all claims, except one portion of the breach of contract claim related to medical bills. (ECF No. 14.)

On May 25, 2021, the Court referred the motion to dismiss to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R"). (Electronic Order, 5/25/2021.) Judge Locke issued an R&R dated October 20, 2021, which recommends that Defendants' Rule 12(b)(5) motion be denied and their Rule 12(b)(6) motion granted in its entirety. The R&R recommends that

1

Plaintiffs' only remaining claim (breach of contract based on medical bills for $320.22.) be dismissed without prejudice. (ECF No. 22.)

Objections must be filed within 14 days of receipt of the R&R. See 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72 ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.") Accordingly, objections were due on November 3, 2021. Plaintiffs did not file objections to the R&R until November 4, 2021. (ECF No. 23.) Therefore, Plaintiffs' objections are denied as untimely. See Lugo v. Berryhill, 390 F. Supp. 3d 453, 461 (S.D.N.Y. 2019) (denying objections that were filed 20 days after the R&R was issued as untimely)

Even assuming arguendo Plaintiffs' objections were timely, the Court finds that Plaintiffs' objections should be denied. After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Judge Locke's R&R as the opinion of the Court, with the minor exception that this Court: (1) dismisses Plaintiffs' breach of contract claim premised on UM/UIM benefits without prejudice; and (2) does not dismiss Plaintiffs' remaining breach of contract claim based on medical bills for $320.22.

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific

reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Applying clear error review to the aspects of the R&R for which no objections have been filed, the Court adopts Judge Locke's recommendations except that the Court does not sua sponte dismiss Plaintiffs' breach of contract claim based on medical bills.

I next address the portions of the R&R to which Plaintiffs have objected. For Plaintiffs' objections, I have undertaken a de novo review of the record, the R&R, the objections, and the opposition. Plaintiffs argue that the individual claims against Defendant Hromas should not be dismissed because she is personally liable; Plaintiffs' claims for car repairs, rental car expenses, and loss of use of the car are timely; the lost wage claim should not be dismissed; and attorney's fees and punitive damages should be awarded. These objections reiterate Plaintiffs' previous arguments and were already addressed by the R&R. Having considered the full record, the Court denies those objections for the reasons articulated in Judge Locke's R&R.

Plaintiffs also argue that their breach of contract claim based on State Farm's alleged failure to reimburse them for UM/UIM benefits should not be dismissed and include new allegations regarding this claim. (ECF No. 23 at 4-5.) Judge Locke recommended that this claim should be dismissed with prejudice because Plaintiffs failed to plead sufficient facts to state a cause of action. (R&R at 26-27.) As the R&R explains, under New York law certain conditions precedent must be pled in order to state a cause of action for a UM/UIM claim: the bodily injury limits of liability coverage of a tortfeasor's vehicle are less than the bodily injury limits of coverage of the insured, and "the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements." Garcia v. State Farm Ins. Co., 232 A.D.2d 488, 489 (2d Dep't 1996); see Maurizzio v. Lumbermens Mut. Cas. Co., 73 N.Y.2d 951, 953 (1989); N.Y. Insur. Law § 3420(f)(2)(A). Judge Locke found that

3

the complaint failed to allege "(i) the bodily injury limits of liability coverage of Mora's vehicle [the other vehicle involved in the accident] were less than the bodily injury limits available under the Policy; (ii) that Plaintiffs have exhausted those limits by payment of judgments or settlements; (iii) that Mora's policy limits were insufficient to compensate Lee for her injuries; and (iv) that Plaintiffs have filed a claim with State Farm for UM or UIM benefits." (R&R at 27.) Therefore, Judge Locke found that Plaintiffs failed to allege the conditions precedent to bring suit, and because Plaintiffs did not seek leave to amend, that the claim be dismissed with prejudice. (Id.) In support of their argument, Plaintiffs attach to their objections: (1) an accident reconstruction report; and (2) a letter dated November 2, 2021 from GEICO, Mora's insurance company, offering $25,000 as full and final settlement of Plaintiff Lee's bodily injury claim with a draft release, dated November 2, 2021. (ECF Nos. 23-1, 23-2.) Plaintiffs argue in their objections that the $25,000 is Mora's policy limit and that Plaintiff Lee's injuries exceed that limit, and therefore their claim should not be dismissed. (Objections at 5.) However, rather than bolster Plaintiffs' allegations, the additional allegations only highlight that Plaintiffs' claim does not meet the necessary conditions precedent: the settlement offer makes clear that as of November 2, 2021 the condition precedent that "the limits of liability of all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements" could not be met. In fact, State Farm now asserts, for the first time, that Plaintiff's UM/UIM cause of action is not ripe because the limits of all bodily injury liability policies applicable at the time of the accident still have not been exhausted by payment of judgments or settlement, and "Plaintiffs must provide actual written notice to State Farm of the settlement offer and then wait 30 days before signing the release, unless within this time State Farm either agrees to advance such settlement amount in return for Plaintiffs' cooperation in a lawsuit on their behalf,

4

or consents to the settlement." (Response to Objections at 2.) The Court agrees. Accordingly, Plaintiffs do not (and could not) allege the conditions precedent for a UM/UIM claim. The Court concludes that that this claim should be dismissed without prejudice.

Based on the foregoing, the Court adopts Judge Locke's R&R as the opinion of this Court, with the minor exceptions that: (1) Plaintiffs' breach of contract claim premised on UM/UIM benefits is dismissed without prejudice; and (2) Plaintiffs' breach of contract claim premised on medical bills of $320.22 is not sua sponte dismissed. Accordingly, Defendants' Rule 12(b)(5) motion is denied, Defendants' Rule 12(b)(6) partial motion to dismiss is GRANTED, and Plaintiffs' breach of contract claim concerning UM/UIM is dismissed without prejudice. Plaintiffs' only remaining claim is a breach of contract claim seeking $320.22 from Defendants for reimbursement of medical bills.

Finally, in Plaintiffs' objections to the R&R, they request for the first time that they be given leave to amend the complaint. However, with the exception of the UM/UIM claim, Plaintiffs do not state what allegations they plan to add or give any indication what amendments they would make to the complaint. The only additional allegations Plaintiffs include in their objections are regarding the UM/UIM claim, and as explained above, even considering these allegations, this claim must be dismissed without prejudice. Ultimately, for all of these reasons, the Court denies Plaintiffs leave to amend.

**SO ORDERED.**

Dated: January 27, 2022
      Central Islip, New York

                                              /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE