UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X    For Online Publication Only
SOO PARK and JAE LEE,

                              Plaintiffs,

       -against-                                 **ORDER**
                                                 20-CV-01982 (JMA) (SIL)

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and ERICA HROMAS,

                              Defendants.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Currently before the Court is Plaintiffs' motion for leave to file an amended complaint. (ECF No. 39.) In a report and recommendation ("R&R") issued on September 5, 2023, Magistrate Judge Steven I. Locke recommends that the Court deny Plaintiffs' motion in its entirety because amendment would be futile. (ECF No. 45.) Plaintiffs filed objections to the R&R on September 26, 2023. (ECF No. 46.)

       In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), aff'd, 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). By contrast, those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008). Additionally, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's

decision." Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015) (citation and internal quotation marks omitted); see also Phillips v. Long Island R.R. Co., 832 F. App'x 99, 100 (2d Cir. 2021) (same). In the absence of any objections, "the district court need only satisfy itself that there is no clear error on the face of the record." Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (internal citations omitted).

As an initial matter, the Court notes that Plaintiffs did not timely object to the R&R. Magistrate Judge Locke issued the R&R on September 5, 2023, so Plaintiffs' objections were due 14 days later, on September 19, 2023. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a). On September 19, Plaintiffs requested an extension until September 25 "due to unforeseen health issues following a recent wrist surgery." (ECF No. 45.) Plaintiffs' request did not comply with this Court's Individual Rule III.B, as it was not made "at least 48 hours before the deadline" to file their objections. Nevertheless, the Court exercised its discretion to grant Plaintiffs' request and permitted them to file their objections by September 25. Yet even after receiving this extension, Plaintiffs did not file their objections until September 26—a day after the deadline that they themselves requested. Plaintiffs offered no excuse for their late filing. With their untimely response, Plaintiffs have waived further judicial review of the R&R other than for clear error. See Smith, 782 F.3d at 102 (citation omitted); see also Phillips, 832 F. App'x at 100. Upon review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court is satisfied that the R&R is not clearly erroneous.[1]

---

[1] Plaintiffs insist that "[t]he court must exercise lenient and understanding [sic] when assessing pro se complaints." (Pls.' Objs. at 1, ECF No. 46.) It is generally true that pro se litigants are afforded a "degree of solicitude" because they "lack[] both legal training and experience and, accordingly, [are] likely to forfeit important rights through inadvertence if [they] [are] not afforded some degree of protection." Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010). However, "a lawyer representing himself ordinarily receives no such solicitude at all." Id.; see Holtz v. Rockefeller & Co., 258 F.3d 62, 82 n.4 (2d Cir. 2001) ("[P]ro se attorneys . . . typically cannot claim the special consideration which the courts customarily grant to pro se parties." (internal quotations omitted)). The only pro se party in this case is Plaintiff Jae Lee—but Lee is an attorney (and represents co-Plaintiff Soo Park). As an attorney, Lee's repeated failure to appear for court conferences, (see, e.g., ECF Nos. 27, 35), and comply with clear deadlines is not excusable. Worst of all,

2

In any event, even if the Court were to excuse Plaintiffs' untimely filing, the motion still would be denied. After conducting a de novo review of the full record and applicable law, the Court agrees with Magistrate Judge Locke's recommendations, and therefore adopts the well-reasoned R&R in its entirety as the opinion of the Court. Accordingly, Plaintiffs' motion to amend is DENIED.

At this point, Plaintiffs' sole remaining claim is a breach of contract claim seeking $320.22 for reimbursement of medical bills. (See Mem. & Order at 5.) The parties are directed to appear for an in-person status conference on October 11, 2023 at 2:00 p.m. before the undersigned in Courtroom 920 of the Long Island Courthouse, 100 Federal Plaza, Central Islip, New York.

Plaintiffs are advised that failure to appear for this conference will result in dismissal of their remaining claim under Federal Rule of Civil Procedure 41(b). Any requests for an adjournment must be filed via ECF at least 48 hours in advance of the conference and supported by a sworn attorney declaration. Any adjournment request that does not comply with these requirements will be summarily denied.

**SO ORDERED.**

Dated:   September 27, 2023
         Central Islip, New York

                                      /s/ JMA
                              JOAN M. AZRACK
                              UNITED STATES DISTRICT JUDGE

---

this is not even Lee's first failure to timely object to a report and recommendation in this case. Lee filed untimely objections to Magistrate Judge Locke's previous report and recommendation regarding Defendants' motion to dismiss. (See Mem. & Order at 2, ECF No. 26.) Accordingly, the Court will not grant any special solicitude to Plaintiffs here. See Bank v. Alarm.com Holdings, Inc., 828 F. App'x 5, 7 (2d Cir. 2020) (declining to extend "any special solicitude" to pro se attorney plaintiff).

3